J-S18012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BREANA CASTLE | : | |
| | : | |
| Appellant | : | No. 879 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 21, 2020
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005444-2019

BEFORE: PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                         **FILED JULY 9, 2021**

Breanna Castle appeals from her judgment of sentence entered in the Court of Common Pleas of Montgomery County for possession of drug paraphernalia, which included the imposition of mandatory court costs. She alleges on appeal that the trial court improperly imposed those court costs on her without first holding an ability-to-pay hearing. As we squarely rejected this claim in **Commonwealth v. Lopez**, 248 A.3d 589 (Pa. Super. March 23, 2021), we affirm on the basis of that opinion.

Castle pled guilty to possession of drug paraphernalia as an ungraded misdemeanor on February 21, 2020. That same day, the court sentenced her to 12 months of probation and ordered her to pay the costs of prosecution.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Castle then filed a Motion to Waive Costs of Prosecution Due to Defendant's Financial Inability to Pay, which the trial court denied on February 25, 2020.

Castle filed the instant timely appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On appeal, Castle argues that the trial court erred in imposing costs of prosecution without first conducting an ability-to-pay hearing. This claim plainly fails under our recent decision in *Lopez.*

In *Lopez*, this Court explicitly held that a trial court is not required to hold an ability-to-pay hearing prior to imposing the mandatory costs of prosecution on a defendant at sentencing. *See Lopez*, 248 A.3d at 590. Rather, we explained that Pa.R.Crim.P. 706 only requires a trial court to hold such a hearing before a defendant faces incarceration for failing to pay those costs. *See id*. at 592-93. As Castle has not been threatened with incarceration for defaulting on the court costs imposed on her, she was not entitled to a hearing on her ability to pay those costs under *Lopez* and her claim to the contrary necessarily fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2021

- 2 -